UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harrison P. Hollivay,                                                    Civil No. 10-2276 DWF/AJB

                Petitioner,

v.
                                        **REPORT AND RECOMMENDATION**

Scott P. Fisher, Warden,

                Respondent.


This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a). Petitioner Harrison Hollivay is a federal prisoner presently incarcerated at the Federal Prison Camp at Duluth, Minnesota.[1] In his petition the prisoner seeks an order requiring the Bureau of Prisons (BOP) to give him credit for time spent in jail while serving a state sentence and awaiting trial on federal charges. He was sentenced to a 68-month federal sentence, to be followed by five years supervised release, on a conviction in the District of Minnesota for aiding and abetting and possession with intent to distribute in excess of 5 grams of cocaine base. Based upon the 68-month sentence, his projected release date would be February 26, 2014, with good time credit.[2] The respondent opposes the petition, asserting that the

---

[1] Petitioner was incarcerated at FCI-Sandstone when he filed the petition in this case.

[2] The 68-month sentence and the projected released date are recited as stated in the government's response dated July 9, 2010. On February 28, 2011, the district court issued an Order Amending Criminal Judgment and an Amended Judgment in a Criminal Case in petitioner Harrison Hollivay's criminal action. United States District Court, District of Minnesota Criminal File No. 07-297(7) DWF/JSM [Docket Nos. 628 and 629]. The amended judgment reduced the petitioner's sentence to 58 months, and the projected release date would be altered accordingly. The Order Amending Judgment expresses the district court's original intent with

prisoner's sentence has been lawfully calculated and that Mr. Hollivay is seeking federal credit for pre-sentence time spent in state custody for which he is not entitled to receive such double credit under federal law.

The government expressly acknowledged that the warden is the correctly named respondent in this action;[3] the court has jurisdiction under 28 U.S.C. § 2241 because the petitioner is challenging the fact or duration of his detention and has exhausted administrative remedies;[4] and venue is appropriate because FPC-Duluth is located in the District of Minnesota. The petitioner submitted a reply to the respondent's return.

**Background and Claims**

Petitioner Harrison P. Hollivay was committed to 36-month term of confinement with the Minnesota Department of Corrections on May 31, 2007, on a drug offense.[5] He was committed pursuant to revocation of conditional release following referral to Hennepin County drug court on July 17, 2006.[6] Thereafter, a writ of habeas corpus *ad prosequendum* was executed by the U.S. Marshals Service on November 21, 2007, to obtain petitioner's presence in

---

respect to concurrent state and federal sentences in this matter, but essentially accomplishes the objective of lessening the time of imprisonment by way of a shorter federal sentence rather than by way of concurrent sentencing, i.e. the relief alleged in the petition.

[3] The warden at FPC-Duluth, the petitioner's current custodian, is now the appropriate respondent. Proper identification of the respondent is not material to the discussion on the merits of the claims in this case.

[4] Declaration of Angela Buege.

[5] Decl. of Patrick Liotti, ¶ 4; Attach. A, Warrant of Commit.

[6] Id., ¶ 3.

United States District Court in the District of Minnesota to face federal drug charges.[7]  Mr. Hollivay pled guilty to a federal indictment charge on February 13, 2008,[8] and was sentenced to a 68-month federal prison term on March 24, 2009.[9]  He was released from the writ of habeas corpus *ad prosequendum* and returned to Minnesota state authorities on April 13, 2009, to complete the state sentence.[10]  On May 26, 2009, the petitioner completed his state sentence and was released to the U.S. Marshals Service for completion of his federal sentence.[11]

      The petitioner was not given credit on his federal sentence for jail time served before April 13, 2009, with the exception of approximately 20 days between his federal sentencing on March 24, 2009, and his release from the federal writ of habeas corpus *ad prosequendum* on April 13, 2009.  Specifically with respect to this case, Mr. Hollivay contends that he was improperly denied credit for approximately 16 months from November 21, 2007, to March 24, 2009, during which time he was subject to the writ of habeas corpus *ad prosequendum*, but had not yet been sentenced in federal court.  Likewise, he did not receive federal credit for the nearly six months of time spent in state custody prior to execution of the writ of habeas corpus *ad prosequendum*.  However, the prisoner was given federal credit for three days from July 14, 2006, through July 17, 2006, which was allowable pursuant to Willis v.

---

[7] Decl. of Patrick Liotti, ¶ 5; Attach. B., U.S. Marshals Service Prisoner Tracking System form.

[8] United States District Court, District of Minnesota Criminal File No. 07-297(7) DWF/JSM. [Docket No. 312].

[9] Decl. of Patrick Liotti ¶ 5; Attach. C., Judgment in a Criminal Case, United States District Court.

[10] Id., ¶ 5; Attach. B.  U.S. Marshals Service Prisoner Tracking System form.

[11] Id.

United States, 438 F.2d 923 (5th Cir. 1971), because that time had not been effectively credited to his state sentence. Mr. Hollivay generally contends that he should be granted credit for all time spent in state custody because the state offense was related to the federal offense, the federal court ordered concurrent sentencing,[12] and state and federal authorities failed to properly advise him of the sentencing consequences of his plea agreement.[13] The government asserts that the petitioner is not entitled to federal credit for any time prior to his federal sentencing, apart from the three days that have already been allowed, because the state retained primary jurisdiction while he was merely on loan to the federal sovereign pursuant to the writ of habeas corpus *ad prosequendum* prior to sentencing.

**Discussion**

Petitioner Harrison Hollivay first contends that his state and federal sentences are effectively being made to run consecutively despite the federal sentencing court's recommendation for concurrent sentencing, and that he was deprived of a legitimate expectation of concurrent sentencing as a result of failure by authorities to advise him of the sentencing consequences of his guilty plea. Second, petitioner argues that the statute applicable to the sentencing credit presented here, 18 U.S.C. § 3585(b),[14] includes a provision granting to the

---

[12] Petition, page 7.

[13] Petitioner's Reply to Government's Response, page 2.

[14] 18 U.S.C. § 3585(b) provides:
—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

district court the authority to impose concurrent sentencing to allow full credit for state time served on a related offense.

Pursuant to 18 U.S.C. § 3585(b), a federal defendant is not entitled to credit for detention time that has been credited to another sentence.  In the present instance Mr. Hollivay was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* for purposes of obtaining his presence for United States district court proceedings on a federal indictment on drug charges.  At the time he was already serving a state sentence.

Only the location of the sentence that is currently being served is changed as the result of a prisoner being released into federal custody from a state prison by way of writ of habeas corpus *ad prosequendum*.  Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994)(citations omitted).  When a prisoner who is under the primary jurisdiction of one sovereign is temporarily transferred to face a charge brought by another sovereign, the prisoner is considered to be "on loan" to the second sovereign and primary jurisdiction does not change.  United States v. Cole, 416 F.3d 894, 896-97 (8th Cir. 2005).  In this case the petitioner was placed into federal custody merely by reason of the writ of habeas corpus *ad prosequendum*, and he cannot be given credit on his federal sentence on that basis alone.

Second, pursuant to the express language of 18 U.S.C. § 3585(b) the petitioner can receive credit for time he was detained before sentencing only if the time was not credited to any other sentence.  Consequently, a defendant cannot be awarded double sentencing credit for the same time period.  United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993); Singleton v. Hollingsworth, 2006 WL 2067761 (D. Minn., July 24, 2006)(citing United States v. Wilson, 503 U.S. 329, 337 (1992)).  Mr. Hollivay makes no assertion that he was not given credit on his

Minnesota state sentence for time from November 21, 2007, to April 13, 2009, while he was subject to the writ of habeas corpus *ad prosequendum*, and he does not deny that was given credit on both state and federal sentences from the date of federal sentencing, March 24, 2009, to the date of release from the writ, April 13, 2009, and thereafter until the state sentence expired and he was placed into primary federal custody on May 26, 2009.

   The petitioner apparently contends that 18 U.S.C. § 3585(b)(1) authorizes fully concurrent state and federal sentencing for the time he spent in state custody prior to federal sentencing on related drug charges based upon the allowance for credit for a term that is "a result of the offense for which the sentence was imposed." This provision merely requires that a defendant be given credit for time spent in custody while awaiting trial and sentencing on federal charges. Both 18 U.S.C. § 3585(b)(1) and (2) are subject to the caveat that only pre-sentencing time "that has not been credited against another sentence" may be credited to the federal sentence. Singleton, 2006 WL 2067761, *6. The relief that Mr. Hollivay seeks is foreclosed under the statute because the time served on the state sentence has already been credited to that sentence, and he cannot be given double credit. Id. at *1. Moreover, and contrary to petitioner's reply argument, allowance for double credit is not implicitly authorized under § 5G1.3 of the United States Sentencing Guidelines[15] because the guidelines provision applies only to a term of imprisonment that is undischarged. Id. Petitioner is seeking federal credit for time on a state sentence that has been discharged. To the extent that the federal sentencing court may have directed that Hollivay's federal sentence run concurrent to the state sentence, petitioner has

---

[15] (b) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

received federal credit for the undischarged portion of the state sentence and concurrent sentencing on the discharged portion of the state sentence is simply not possible because the time was already served. Id. The federal sentencing judge can order that the prisoner be awarded credit on a federal sentence for time served on a state sentence when the two sentences are served at the same time and the federal sentencing judge has ordered that the two sentences run concurrently. Id. However, the court cannot contravene the statutory directives of 18 U.S.C. § 3585(b) as assigned to the BOP and therefore cannot order that the defendant receive credit toward his federal sentence for time already served on the state sentence. Id. at *5.

In his reply memorandum the petitioner raises the additional argument that he was deprived of his right to due process under circumstances in which authorities failed to properly advise him of the consequence of his guilty plea with respect to his expectations for concurrent sentencing. To the extent that he asserts that actions by state authorities violated due process, the argument is wholly without merit. The petitioner was initially sentenced in state proceedings; the state sentence was largely discharged prior to the federal sentencing; and Hollivay did receive concurrent sentencing for the portion of the state sentence that followed federal sentencing. State authorities clearly did not deprive the petitioner of any concurrent sentencing considerations.

With respect to federal sentencing the petitioner makes no assertion that he has sought concurrent sentencing by way of request for *nunc pro tunc* designation. In Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990), the court stated that the BOP has the authority to make a *nunc pro tunc*, i.e. "now for then," designation, and has an obligation to review such a request, though the manner is which the authority is exercised is discretionary. Factors

appropriate to consider are the nature of the crime, the prisoner's conduct in custody, and BOP practice in making such designations.  Id.  The BOP has issued a program statement and has established administrative review procedures relating to the concerns addressed in Barden v. Keohane.  Eggers v. United States, 2006 WL 3825065, *2 (D.Minn., Dec. 27, 2006).  In light of the availability of review pursuant to Barden v. Keohane, and absence of any evidence or argument in the record to indicate that the petitioner has requested *nunc pro tunc* designation and thereby availed himself of applicable processes, the court cannot conclude that the prisoner has been deprived of a right to due process in that regard.  Petitioner in this matter is not entitled to credit on his federal sentence for time prior to federal sentencing on March 24, 2009, which was credited to his Minnesota state sentence.

Based upon the foregoing discussion, along with the petition, memorandums, declarations, and exhibits, the magistrate judge makes the following:

### RECOMMENDATION

It is **Hereby Recommended** that petitioner Harrison P. Hollivay's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **denied** [Docket No. 1] and that this action be **dismissed** with prejudice.

Dated:     June 3, 2011

                                              s/ Arthur J. Boylan
                                             Arthur J. Boylan
                                             United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written

objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before June 17, 2011.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.